FILED
SUPERIOR COURT
OF GUAM

2023 OCT 20 PM 1: 29

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0059-22/ CF0556-21** |
| | GPD Report No.: 22-02557/ 22-03154/ 21-26858 |
| vs. | |
| | DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE |
| **HENRY DIXON CRUDUP,** DOB: 05/06/1984 | |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 31, 2023 for a hearing on Defendant Henry Dixon Crudup's Motion for Release on Personal Recognizance ("Motion for Release"). Defendant was present in person with counsel Terrence Timblin. Also present in person were Assistant Attorney General Matthew Shuck for the People, and Justin Leon Guerrero for the Probation Services Division. The Court ruled from the bench DENYING Defendant's Motion for Release. The Court now issues this Decision and Order memorializing its oral ruling pursuant to 8 GCA § 40.50(a).

### BACKGROUND

In CF0556-21, Defendant is charged with 1) Criminal Mischief (As a 3rd Degree Felony), 2) Aggravated Assault (As a 3rd Degree Felony), and 3) Family Violence (As a Misdemeanor).

*People of Guam vs. Henry Dixon Crudup*
Criminal Case No. CF0059-22/ CF0556-21
Decision and Order Denying Defendant's Motion for Release
Page 1 of 4

*See* Indictment, Nov. 18, 2021. These charges stem from an incident that occurred on or about October 30, 2021, when the Defendant allegedly committed such acts against victims, Cresencio Gunda and Angelica Oria.

In CF0059-22, Defendant is charged with 1) Aggravated Assault (As a 3rd Degree Felony), 2) Family Violence (As a 3rd Degree Felony), 3) Aggravated Assault (As a 3rd Degree Felony), 4) Criminal Mischief (As a Misdemeanor), and 5) Violation of a Court Order (As a Misdemeanor). *See* Indictment, Feb. 8, 2022. These charges stem from two incidents that occurred on or about January 24, 2022, and on or about January 31, 2022 when the Defendant allegedly committed such acts against victims, Junior Duenas Santos and Angelica Oria. Angelica Oria, who is noted to be the Defendant's girlfriend, was a victim in the Defendant's prior criminal matter – CF0556-21.

Defendant has had four violation reports in CF0566-21 while the Defendant was on pre-trial release in that matter in which all violations pertained to the Defendant not reporting to probation as ordered by the Court. The fourth violation report filed on August 12, 2022, which led to a Bench Warrant as the Defendant last reported on June 1, 2022. A Return of Warrant was filed with the Court on April 21, 2023, indicating that the Defendant was arrested on April 20, 2023.

The latest hearing before the Court was a Return of Warrant on April 26, 2023, where the Court continued to hold the Defendant and ordered that a Forensic Evaluation be conducted for both the Defendant's cases – CF0556-21 and CF0059-22. *See* Return of Warrant Minutes, April 26, 2023.

A Forensic Evaluation was filed on May 18, 2023, which Dr. Rapadas stated the Defendant's DSM 5 Diagnosis.

*People of Guam vs. Henry Dixon Crudup*
Criminal Case No. CF0059-22/ CF0556-21
Decision and Order Denying Defendant's Motion for Release
Page 2 of 4

On June 28, 2023, Defendant filed Motion for Release on Personal Recognizance. Motion. Defendant argues in their Motion that Defendant has been in pre-trial custody since April 21, 2023, with a $10,000 cash bail. *Id.* With respect to the factors set forth in 8 GCA § 40.15 to be considered by the Court, the Defendant:

1. Denies the charge and asserts that he was protecting a third party from assault by the alleged victim as to the Aggravated Assault (As a 3rd Degree Felony) charge and denies all other charges. However, the Defendant agrees that there is substantial evidence to the Criminal Mischief (As a Misdemeanor) charge.
2. Defendant has been a residence of Guam for approximately 6 years.
3. As to his employment history, the Defendant states that he is a disabled veteran and is receiving Veteran Affairs benefits.
4. Defendant states not applicable with family ties.
5. As to the Defendant's reputation, character, mental health, and physical conditions, the Defendant is diagnosed with PTSD, ADHD, and Schizophrenia.
6. Defendant has a prior criminal record.
7. Defendant has a history of drug/alcohol abuse.
8. Defendant does not provide personals vouching for reliability.
9. Defendant has history of parole/probation/prior release.
10. Defendant states some prior violations with compliance with prior court orders.
11. Defendant states as to a danger to the community that he was initially release on his personal recognizance and has not been charged with any new offenses, adding that his incarceration was only for his failure to report to probation. He states he now understands the importance of doing so.

The People did not file an opposition to the Defendant's Motion for Release. The Court scheduled the matter for a hearing on the instant Motion for Release on July 31, 2023. *See* Amended CR1.1 Form 3.

## DISCUSSION

Under Guam law, there is a presumption that a defendant charged with an offense will be released pending trial. *See* 8 G.C.A. § 40.10. In all instances, the "[Court] shall order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *See* 8

*People of Guam vs. Henry Dixon Crudup*
Criminal Case No. CF0059-22/ CF0556-21
Decision and Order Denying Defendant's Motion for Release
Page 3 of 4

G.C.A. § 40.15(b). In determining whether there is a substantial risk of nonappearance or if a defendant will endanger the safety of individuals in the community, the Court "shall consider the following factors:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged . . .
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; [and]
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released."

*See* 8 G.C.A. § 40.15(c). If release on personal recognizance will not reasonably assure Defendant's appearance as required, or will endanger the safety of any individuals in the community, the Court shall impose the least onerous conditions of release. *See* 8 G.C.A. § 40.20.

The information currently before the Court does not give it sufficient assurance that the Defendant will abide by its future orders and appear as required. This information also suggests that the Defendant's release on personal recognizance will endanger the safety of the victims stated above and the community. Accordingly, the Court finds that the Defendant's release on his own personal recognizance will not reasonably assure his appearance as required and will endanger the safety of the community.

## CONCLUSION

For the above reasons, the Defendant's Motion for Release is hereby **DENIED.**

**SO ORDERED** this ___OCT 2 0 2023___, *nunc pro tunc*, July 31, 2023.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Henry Dixon Crudup*
Criminal Case No. CF0059-22/ CF0556-21
Decision and Order Denying Defendant's Motion for Release
Page 4 of 4